

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES
Attorney General

DIVISION OF SOCIAL JUSTICE
Environmental Protection Bureau

March 17, 2025

<u>Via CM/ECF</u>
The Honorable Mary Kay Vyskocil
District Judge
United States District Court for the Southern District of New York
500 Pearl Street, Room 2230
New York, NY  10007

  Re: *Chamber of Commerce of the U.S.A. v James*
    No. 1:25-cv-01738-MKV

Dear Judge Vyskocil:

  Our office represents defendants Attorney General Letitia James and Sean Mahar as Interim Commissioner[1] of the New York State Department of Environmental Conservation (collectively, "the State") in this action. Pursuant to Your Honor's Individual Practice Rule 4.A.i, the State requests a pre-motion conference on a motion to transfer venue. The State also requests an extension of time to answer or otherwise respond to the complaint until 60 days after Your Honor's decision on the motion to transfer. Plaintiffs Chamber of Commerce of the United States of America, *et al.* (the "Chamber") have indicated that they will oppose the transfer motion and have not yet stated a position on the extension.

  The Chamber challenges the constitutionality of New York's Climate Change Superfund Act ("the Act"), as amended. Pursuant to 28 U.S.C. § 1404(a), the State seeks to transfer venue to the United States District Court for the Northern District of New York, where a related action challenging the constitutionality of that law, *West Virginia v. James* (No. 1:25-cv-00168-BKS-DJS) ("*West Virginia*"), is pending.

### I. <u>Background</u>

  The Act establishes a cost recovery program under which responsible parties that extracted and refined fossil fuels and meet statutory thresholds would be required to proportionally pay into a fund to help offset a fragment of the costs that

---

[1] Amanda Lefton is now the Acting Commissioner.

28 LIBERTY STREET, NEW YORK, NY 10005 ● PHONE (212) 416-8446 ● FAX (212) 416-6007 ● WWW.AG.NY.GOV
Writer's Direct Phone: (212) 416-8271● E-mail Address: andrew.frank@ag.ny.gov

the State has and will continue to incur as a result of climate change exacerbated by such responsible parties.

In *West Virginia*, which was filed on February 6, 2025, 23 states along with Alpha Metallurgical Resources, Inc., and several oil, gas and coal associations raise federal constitutional claims, including federal and Clean Air Act preemption, and violations of the dormant Commerce, Due Process, Excessive Fines, and Takings Clauses (Dkt. 1). The State filed its answer in that case today (*West Virginia* Dkt. 114), and a Rule 16 conference is set for May 7, 2025 (*West Virginia* Dkt. 3).

The Chamber's claims in the instant action, filed on February 28, 2025 (Dkt. 1), were all made in *West Virginia*. Although the Act was amended between the filing of the *West Virginia* complaint and the Chamber's complaint, and the *West Virginia* plaintiffs have not yet amended their complaint to reflect those amendments, those amendments have not led the Chamber to make substantially different constitutional claims than made in *West Virginia*.

## II. 28 U.S.C. § 1404(a) Analysis Favors Transfer

Section 1404(a) is designed to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotation marks and citation omitted). It provides, in relevant part, that, "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Courts in the Second Circuit apply a two-part test to motions to evaluate § 1404(a) motions to transfer venue. First, the district court must determine if the action "might have been brought" in the proposed transferee district. *Smart Skins LLC v. Microsoft Corp.*, No. 14 CIV. 10149 CM, 2015 WL 1499843, at *4 (S.D.N.Y. Mar. 27, 2015); *see also N. Brevard Cnty. Hosp. Dist. v. C.R. Bard, Inc.*, 648 F. Supp. 3d 401, 412-413 (N.D.N.Y. 2022). "An action could have been brought in any forum where the defendant would have been amenable to personal jurisdiction at the time the action was commenced, and where venue is proper." *Nosirrah Mgmt., LLC v. EVmo, Inc.*, No. 21 CIV. 10529 (AT), 2023 WL 35028, at *2 (S.D.N.Y. Jan. 4, 2023) (citations omitted); *see also N. Brevard Cnty. Hosp. Dist.* 648 F. Supp. 3d at 412-413. This statutory prerequisite is met here, as venue is proper in the Northern District of New York and the State is subject to jurisdiction there.

Second, courts assess whether convenience of the parties and witnesses and the interests of justice favor transfer. *Id.* Courts have "consistently recognize[d] that the existence of a related action in the transferee district is a *strong factor* to be weighed with regard to judicial economy" and have even acknowledged that "[t]he single most significant circumstance favoring transfer…is the existence of the related action in the transferee district." *Zainfeld v. Vivid Seats, LLC*, No. 24 CIV. 1520 (DEH), 2024 WL 2274920, at *2 (S.D.N.Y. May 20, 2024) (emphasis added and

citations omitted). Litigation of related claims in the same tribunal is strongly favored to avoid "duplicitous litigation . . . thereby saving time and expense of both parties and witnesses, and inconsistent results can be avoided." *Wyndham Assocs. v. Bintliff,* 398 F.2d 614, 619 (2d Cir.1968).

In determining if a case is related to another case, "a judge will consider whether": (a) the actions concern the same or substantially similar parties, property, transactions, or events; (b) there is substantial factual overlap; (c) the parties could be subjected to conflicting orders; and (d) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the court. Rule 13(a)(1), Rules for the Division of Business Among District Judges, S.D.N.Y.

This action is related to *West Virginia* under all of these factors. Both cases include fossil fuel companies and industry associations as plaintiffs, involve substantial overlap in claims challenging to the constitutionality of the Act as all of claims in this action mirror claims that have already been raised in the *West Virginia* complaint, and plaintiffs request the same relief. Having the two district courts decide the same issues poses a risk of inconsistent judgments and would be a waste of judicial resources due to the substantial duplication of effort that would be involved. To promote judicial economy and interests of justice, the instant action should be transferred to the Northern District of New York.

### III.  Request for Extension Pending Resolution of Transfer Motion

The Chamber served the complaint in this action on March 3, 2025 so the State's deadline to answer or otherwise respond is March 24, 2025. The State requests an extension of that deadline to 60 days after the Court rules on the State's motion to transfer venue, which would allow the parties to proceed with this litigation after the Court has determined whether it should be transferred. This is the State's first request for an extension. The State proposed that extension to the Chamber earlier this week and the Chamber has not yet stated a position on it.

For these reasons, the State requests a pre-motion conference on its motion for transfer of venue and an extension of time to answer or otherwise respond pending resolution of the motion.

Respectfully submitted,

*/s/ Andrew G. Frank*

Andrew G. Frank
Assistant Attorney General

cc: (by CM/ECF, N.D.N.Y.):   Hon. Brenda K. Sannes, N.D.N.Y.; all counsel of record
    (by CM/ECF, S.D.N.Y.):   All counsel of record