**LEHOTSKY KELLER COHN LLP**
200 Massachusetts Ave. NW, Suite 700
Washington, DC 20001

September 2, 2025

**VIA CM/ECF**

The Honorable Mary Kay Vyskocil
District Judge
United States District Court for the Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

      RE:    *Chamber of Commerce of the U.S. v. James*, No. 1:25-cv-01738-MKV

Dear Judge Vyskocil:

    Plaintiffs the Chamber of Commerce of the United States of America, American Petroleum Institute, National Mining Association, and The Business Council of New York State, Inc., respectfully request a pre-motion conference under Rule 4(A)(i) of the Court's Individual Rules of Practice in Civil Cases.[1] Plaintiffs challenge the New York Climate "Superfund" Act, S.2129B as amended by S.824 (the "Act"), because it exceeds the limits of state power under the Constitution and is preempted by federal law. Plaintiffs seek permission to move for partial summary judgment on Counts I and II in their Complaint and request an order establishing a briefing schedule for their motion. Plaintiffs conferred with Defendants before filing this request. Defendants oppose Plaintiffs' request for a pre-motion conference and briefing schedule and believe that summary judgment briefing should be addressed after the Court has decided Defendants' motion to transfer, ECF 33.

    Good cause exists for summary judgment practice on Counts I and II. Plaintiffs' motion will raise purely legal questions that do not require discovery and, if granted, will fully resolve this proceeding. Indeed, in a challenge to the same statute at issue here that is pending before Judge Castel, Judge Castel specifically noted that the United States—the plaintiff in that case—had "made a plausible showing that the motion may be decided on facts that are either indisputable or facts of which the Court may take judicial notice." Order at 8, *United States v. New York*, 1:25-cv-03656-PKC (S.D.N.Y.), ECF 50. So too here.

    There is also good cause to expeditiously address these legal issues. Plaintiffs' members are the direct targets of the Act and remain subject to its ongoing burdens, including the imminent risk of onerous disclosures, N.Y. Env't Conserv. Law § 76-

---

[1] Consistent with Rule 4(A)(i), Plaintiffs have attached their Rule 56.1 Statement.

0103(3)(d), which Defendants will need to submit the required report to the New York Legislature that must identify all responsible parties and their respective cost recovery demands, § 76-0103(10). While Defendants have objected to setting a briefing schedule before this Court resolves their motion to transfer to the Northern District, that is not a reason to delay summary judgment briefing. The motion to transfer should be denied, as Plaintiffs have argued, ECF 37; *see also* Order, *United States*, 1:25-cv-03656-PKC, ECF 50 (Judge Castel denying Defendants' motion to transfer in nearly identical case). But even if this Court were to grant Defendants' motion to transfer, the briefing on Plaintiffs' motion for summary judgment would transfer with the case.

This case should proceed without delay, and Plaintiffs respectfully request that the Court schedule a pre-motion conference and set a briefing schedule permitting Plaintiffs to move for partial summary judgment on Counts I and II of their Complaint.

### I. Plaintiffs Are Entitled to Summary Judgment on Counts I and II.

New York's Act imposes massive retroactive penalties on energy producers for a 25-year period based on global greenhouse gas (GHG) emissions allegedly attributable to those producers. In doing so, the Act violates Second Circuit and Supreme Court precedent, which makes clear that Constitution prohibits states from imposing liability for out-of-state GHG emissions and that the regulation of such emissions is preempted by the Clean Air Act (CAA).

*First*, the Act exceeds the limits of state power and invades areas reserved exclusively to the federal government. In *City of New York v. Chevron Corp.*, the Second Circuit affirmed dismissal of the City's complaint against oil and gas companies, holding that efforts to impose liability under state law based on the impact of global GHG emissions is precluded by federal law. 993 F.3d 81, 91-92 (2d Cir. 2021); *see also Am. Electric Power Co. v. Connecticut*, 564 U.S. 410, 421-22 (2011); *Illinois v. City of Milwaukee*, 406 U.S. 91, 103-05 (1972). This rule is grounded in the Constitution's structure that guarantees each State equal sovereignty and limits each State's authority to intrude on the jurisdiction of other States. *See Coyle v. Smith*, 221 U.S. 559, 580 (1911); *Shelby County v. Holder*, 570 U.S. 529, 544 (2013); *see also Bonaparte v. Tax Court*, 104 U.S. 592, 594 (1882). Nor may a State interfere with foreign policy by targeting emissions from international actors. *Zschernig v. Miller*, 389 U.S. 429, 432 (1968). Thus, the Constitution bars New York's effort to reach beyond its borders and punish global conduct related to out-of-state emissions.

*Second*, the Act is also preempted by the CAA because it seeks to impose penalties tied to GHG emissions occurring beyond New York's borders. In enacting the CAA, Congress delegated authority over interstate pollution to EPA, which includes GHG emissions, *see Massachusetts v. EPA*, 549 U.S. 497, 528-29 (2007), with a narrowly defined role for state regulation of emissions originating from in-state sources, *City of New York*, 993 F.3d at 100 (citing *Int'l Paper Co. v. Ouellette*, 479 U.S. 481, 497 (1987)). Put differently, under the CAA,

a State may not impose its laws on greenhouse gases emitted from other states beyond its borders. It is incontrovertible that New York's Act imposes strict liability based on GHG emissions from sources beyond its borders. § 76-0101(8) (law applies to "emissions attributable to all fossil fuel extraction and refining worldwide" and "are not limited to such emissions within the state"). Therefore, the Act is preempted by the CAA.

Counts I and II present purely legal questions that can be resolved based solely on the text of the Act. Because no factual disputes are implicated, discovery is unnecessary. Accordingly, the Court may adjudicate Plaintiffs' motion by applying the statutory language and considering the parties' legal arguments.

## II. Briefing Schedule.

Plaintiffs respectfully propose the following summary judgment briefing schedule:

- Plaintiffs' motion for partial summary judgment due October 3, 2025.
- Defendants' opposition due December 1, 2025.
- Plaintiffs' reply due December 19, 2025.
- Oral argument date and time to be determined by the Court.

Allowing summary judgment briefing to proceed while the Court considers Defendants' transfer motion promotes judicial efficiency. The transfer motion is fully briefed and ready for resolution. The Court may elect to decide both motions concurrently, or, if it grants the transfer, the summary judgment motion and accompanying briefing will follow the case to the transferee court. This proposed schedule aligns with the schedule ordered by Judge Castel in the United States' case, [2] with deadlines staggered behind that case to give Defendants more than sufficient time to brief the issues here. This schedule also roughly aligns with the briefing schedule set in *Chamber of Commerce of the U.S. v. Moore*, No. 2:24-cv-01513-mkl (D. Vt.), where some of the same Plaintiffs are challenging a law in Vermont similar to New York's Act.

Plaintiffs respectfully request that the Court schedule a pre-motion conference and issue a scheduling order establishing the proposed summary judgment briefing schedule.

Respectfully submitted,

*/s/ Steven P. Lehotsky*
Steven P. Lehotsky

cc: (by CM/ECF, S.D.N.Y.): All counsel of record.

---

[2] There, the United States' motion for summary judgment was filed August 29, Defendants' response is due October 27, and the United States' reply is due November 19. Memo Endorsement, *United States*, 1:25-cv-03656-PKC, ECF 56; Mot. for Summary Judgment, *United States*, 1:25-cv-03656-PKC, ECF 73.